Chief Justice Robertson
delivered the Opinion of the Court.
The first question in this case is, whether, in an action of trespass for a tort alleged to have heen committed by the wife alone, evidence that she acknowledged her guilt, is admissible ?
In the second volume of Starkie on Evidence, p. 46, it is sajd that, “even in an action by husband and wife, in right of the wife as executrix, her declaration will not lie evidence.” “ So an admission by the wife, of a trespass, cannot bind the husband.” It would seem, from these doctrines, that, though the cause of action springs from the right of the act of the wife, her declaration or acknowledgment, even though it would be competent evidence against her alone, is not admissible against her husband, or in a suit in which he is a party, or in which his rights, personal or marital, may be affected. We are, therefore, of the opinion, that the circuit court decided correctly in refusing to admit, in this case, any declaration made by the wife, touching her agency iu the alleged trespass by herself alone.
The next, and only remaining question is, whether the circuit court erred in directing a non suit. And, on this point, we are of the opinion, that there was not such a total destitution of facts, from which the jury might have inferred, that it was the wife who instigated' the dogs to kill the plaintiff’s mare, as to have justified the court in withholding from the jury, the right to decide for itself, upon the circumstances which were proved.
Wherefore, the judgment of the circuit court must be reversed, and the cause remanded for a new trial.