1839.

Dodge
v.
Dodge.

---

## DODGE *vs.* DODGE.

Where it was doubtful from the master's report, in a suit for a divorce on the ground of adultery, whether the complainant had not voluntarily cohabited with the defendant after she had knowledge of the last act of adultery which was proved to have been committed by him; she having cohabited with him subsequent to her knowledge of several previous acts of adultery; *Held*, that it was a proper case to be referred back to the master, to enquire and report whether there had been a condonation of the last acts of adultery, by a voluntary cohabitation of the defendant with the complainant after she had discovered that he had been guilty of such adultery.

Upon a reference to a master, upon a bill for a divorce on the ground of adultery, it is the duty of the master to examine witnesses and report the evidence, as to all the material facts charged in the bill, together with his opinion thereon; particularly as to the averments in the bill which are required to be inserted therein, by the 163d rule of the court of chancery, as to condonation, collusion, &c.

THIS was an appeal from a decision of a vice chancellor, denying an application for a divorce, upon a bill taken as confessed against the defendant. From the master's report there did not appear to be any doubt that the defendant had been guilty of the adultery charged in the bill; but the vice chancellor refused to grant the divorce, because there was some reason to suppose that the complainant had voluntarily cohabited with the defendant after she had knowledge of such adultery.

June 3.

*D. Graham*, for the appellant was heard *ex parte*.

THE CHANCELLOR. From the evidence annexed to the master's report there was certainly much reason to believe the complainant had cohabited with the defendant, voluntarily, after the first acts of adultery of which he had been

1839.

Dodge
v.
Dodge.

guilty, and with a knowledge of his guilt. Whether she cohabited with him at all, after the last act of adultery committed by him, is a matter of much more doubt. On this subject the master's report is defective. The order of reference, under the 164th rule of this court, requires the master to take proofs, and to report, as to all the material facts charged in the bill. And one object of requiring certain averments to be inserted in the bill, as directed by the 163d rule, was to enable the court, under the usual order of reference, to obtain a report of all the necessary facts, from which the chancellor was to ascertain and determine whether there had been collusion between the parties, or a condonation of the offence ; and whether the suit had been commenced within the time prescribed by the statute, after the discovery by the complainant of the adultery charged in the bill. It is the duty of the master, therefore, to examine the witnesses, who are produced before him, particularly as to the subject of those averments, as well as to all other facts charged in the bill ; and to report the proofs to the court, together with his opinion as to the truth of every allegation or averment in the bill. The vice chancellor, instead of denying the divorce absolutely in this case, should have referred it back to the master, to re-examine the witness who had been previously produced before him and such other witnesses as might be produced, and to report such examinations, and his opinion whether the complainant had voluntarily cohabited with the defendant after she had discovered that he had been guilty of all or any, and if any which, of the acts of adultery charged in the bill and proved before the master.

The decree of the vice chancellor must therefore be reversed and it must be referred back to the master accordingly. And, upon the coming in of such supplemental report, the complainant may apply to the chancellor, upon any motion day, or at the term, for a decree thereon ; if the facts, as thus ascertained, will authorize a decree for a divorce.