PUGSLEY *vs.* PUGSLEY.

Where a bill for a divorce on the ground of adultery is taken as confessed, the master to whom it is referred to take proof of the facts charged in the bill and to report such proof to the court with his opinion thereon, must take proof not only of the adultery but of all the material facts which are necessary to give the court jurisdiction to grant a divorce in the particular case. He must also enquire and report whether there. has been any condonation of the adultery, by a voluntary cohabitation between the parties after knowledge of the adultery of the defendant.

THE bill in this case was filed by the wife for a dis- May 17. solution of the marriage contract, on the ground of the adultery of the husband. The bill alleged that the parties were married in the city of Albany in 1835, and that from that time both parties had been and still were inhabitants of this state. The first act of adultery was charged to have been committed with an inmate of a house of ill fame in the city of New-York, in 1838, whose name was unknown to the complainant. And several similar offences were charged as having taken place in the defendant's law office in Albany, with several prostitutes whose names were also unknown. The defendant suffered the bill to be taken as confessed, and the usual order of reference was made to a master to take proof of the facts charged in the bill and to report such proofs, with his opinion thereon. But the master merely reported as to the adultery ; without stating whether the other averments in the bill were true. The cause was submitted upon the bill taken as confessed, and upon the master's report.

*W. W. Frothingham,* for the complainant.

THE CHANCELLOR. The proof is satisfactory as to the adultery. For it is evident, from the testimony of Carr, that the strange female with whom the defendant was found in bed in New-York, in the fall of 1838, was not the complainant, with whom the witness was acquainted. But the

master's report is defective in relation to the other matters referred to him. Under the usual order of reference, to take proof of all the material facts charged in the bill and to report such proof to the court with his opinion thereon, the master should require proof of the facts which are necessary to give this court jurisdiction of the case. He should also examine the witness as to whether there had been any condonation of the offence, by the complainant, by cohabiting with the guilty party after being informed of the adultery. (*Dodge* v. *Dodge*, 7 *Paige's Rep.* 589.) Here there is nothing in the proofs to show that the marriage took place in this state, or that either of the parties resided here when the adultery was committed, or at the time of the commencement of this suit; which matters are material to give jurisdiction to this court to grant a divorce dissolving the marriage contract. (2 *R. S.* 144, § 38.) Where the defendant admits the adultery, by the answer, or by permitting the bill to be taken as confessed, the court requires proof of the facts necessary to give jurisdiction to the court to grant a divorce in the particular case, as well as proof of the adultery; to prevent collusion between the parties.

I presume the facts are, as alleged in the bill in this case, that the marriage was solemnized here, and that the parties have continued to reside in this state ever since. But as there is nothing in the report on this subject, and nothing in the evidence reported from which the fact can be legally presumed, it must be referred back to the master to take further proof to establish this allegation in the bill. And the master must also examine the witness Carr as to the time when he first disclosed the fact of adultery, testified to by him, to the complainant or her friends; and whether the parties lived together as husband and wife after that time. And he must make a full report as to the truth of every material fact alleged in the bill.

On the coming in of such further report, the complainant may apply, upon any motion day or in term, for a final decree thereon.