By the Court. Sandford, J.
This point does not appear to have been decided in this state, but there is no doubt about it in principle. The action is really against the husband, and the wife’s statements are no more evidence against him than are those of a stranger. Where a wife acts as agent of her *339 husband, her declarations are admissible in the same instances, and on the same grounds, that the declarations of other agents would be received. In her relation as wife merely, her declarations are inadmissible. The authorities, both direct and analogous, are abundant in support of this conclusion. We will refer to a few of them.
In Ross and Wife v. Winners, (1 Halsted’s R. 366,) the action was on a contract made by the wife before marriage, and proof of her acknowledgment after the marriage was received by the court below; and on that ground the judgment was reversed. The same point was ruled in Allan v. Pritchell, 6 T. R. 680 ; and the treatises are to the same effect, (2 Stark. Ev. 46 ; 1 Phill. Ev. 81.)
In Burgen v. Tribble and Wife, (2 Dana, 383,) it was decided by the Court of Appeals of Kentucky, that in an action of trespass for a tort of the wife, evidence that she acknowledged her guilt was inadmissible. The court say, “ though the cause of action spring from the right or the act of the wife, her declaration or acknowledgment, which would be competent evidence against her alone, is not admissible against her husband, or in a suit in which he is a party, or in which his rights, personal or marital, may be affected.” To the same effect was Hawkins v. Hatton, 2 Nott & M‘Cord, 374,
The same principle was decided in Churchill v. Smith, 16 Vermont R. 560, in an action by the landlord for money had and received to the use of the wife while sole; and in Hussey and Wife v. Elrod and Wife, 2 Alabama R. 339, in an action for an assault and battery committed by wife of the defendant on the wife of the plaintiff.
Judgment reversed.