## SUPREME COURT.

### Arborgast agt. Arborgast

In an action for a divorce for adultery, the defendant cannot be examined as a witness for the plaintiff.

When a reference is ordered, in such a case, under the 64th rule, proof must be made before the referee, not only of the fact of adultery, but of all the other material facts charged in the complaint.

*Cayuga Special Term, February,* 1853. Application on the part of the plaintiff for judgment, &c.

T. R. Strong, Justice.—This is an action for a divorce, for adultery. The defendant not having appeared in the action, the court ordered a reference to take proof of all the material facts charged in the complaint; and the report of the referee is now presented, and application made for judgment. It appears by the report, that the *defendant* was sworn and examined by the referee, and that she testified to the adultery charged, and to the marriage of the parties, their residence, and the other matters in the bill. Two other persons were examined as witnesses for the plaintiff, in reference to the adultery only, but their testimony fails satisfactorily to establish it. One of them testified to circumstances, from which it is doubtful whether or not the defendant had actually committed the act when surprised by the witness; the other is lewd conduct short of adultery. The question in the case is, then, whether the

testimony of the defendant will warrant a judgment for a divorce; and I have no hesitation in deciding that it will not. It is an old and familiar rule of the common law, that husband and wife cannot be witnesses for or against each other; and this rule is founded, in part, on public policy. Burrell agt. Bull, (3 *Sand. Chan. R.* 15) and cases cited. It has not been. abrogated, or changed, in any respect, by the statutory provisions on the subject of the examination of a party to an action at the instance of the adverse party. Those provisions were not designed to render persons competent as witnesses, who were before incompetent, from some other cause than being parties to the record. (5 *Barb.* 156; 4 *Sand. S. C. Rep.* 596; 2 *Sand. S. C. Rep.* 340.) There is a peculiar propriety in the rule referred to, in cases like the present. A contrary rule in such cases, would lead to the greatest frauds and abuses.

If the testimony in this case, independent of that of the defendant, was sufficient, as to the fact of adultery, inasmuch as the other material facts are sustained only by her testimony, the plaintiff could not have judgment for a divorce. Proof of those facts was equally necessary as proof of the adultery. (9 *Paige,* 589; 7 *Paige,* 589; 3 *Edw. Chan. Rep.* 377.)

The plaintiff may have an order recommitting the report to the referee, to take further proofs and report to the court.