## MACONDRAY and others *vs.* THOMAS WARDLE and BELINDA WARDLE.

In an action against husband and wife, to compel the application of certain real property, standing in the name of the wife, to the payment of a judgment recovered against the husband, upon the ground that it in reality belongs to the husband, and was bought in the name of the wife, in order to defraud the creditors of the husband, the wife cannot be examined as a witness, by the plaintiff.

The principle of the common law, forbidding husband and wife to be witnesses for each other, has not been changed by the provision of the code, allowing a party to call the adverse party as a witness.

The wife not being a competent witness in an action against the husband alone, making her a party to the record will not remove the incompetency.

Nor are the admissions of the wife competent testimony, to sustain a suit against husband and wife, affecting property standing in her name.

MOTION for a new trial, after a judgment upon a verdict at the circuit.

INGRAHAM, J. The plaintiffs seek to compel the application of certain real property, standing in the name of Belin-

Macondray *v.* Wardle.

da Wardle, to the payment of a judgment recovered against her husband, Thomas Wardle, upon the ground that it in reality belonged to the husband, and was bought in the name of the wife, to defraud the creditors of the husband.

Upon the trial of the cause the plaintiffs called, on their behalf, Belinda Wardle as a witness, who was objected to and excluded by the court. The plaintiffs then offered to call her against herself only. This, also, was objected to, and the witness was excluded. The same offer was made after the examination of Thomas Wardle had been read, and the testimony again excluded. To all these rulings the plaintiffs' counsel excepted.

It is contended that under the present system the wife may be examined as a witness, where she is a party to a suit.

I did not understand the counsel upon the argument as urging the right to examine the wife against the husband, when the action was against him alone. On the contrary, he concedes, in his points, that in such a case the wife could not be examined. Since the adoption of the code, the decisions have been numerous, that in such cases the wife cannot be a witness for or against her husband. (*Pillow and wife* v. *Bushnell, Code Rep.* 19. *Erwin* v. *Smaller,* 2 *Sandf.* 340. *Hasbrouck* v. *Vandervoort,* 4 *id.* 596. *Arborgast* v. *Arborgast,* 8 *How. Pr. Rep.* 297.)

The plaintiffs urge that the proposed examination of the wife was only against herself, and that she was so offered. I am at a loss to see how that result could follow from her examination. The object of the action was to prove a fraud between herself and her husband. There could be no judgment against her unless against the husband also, and there is no propriety in saying that the examination would not affect the husband as much as it would the wife. If the plaintiffs' position is true, that the house and lot belong to the husband, though in the name of the wife, then the object of the examination is to prove that the conveyance to her was for his benefit, and the result would be the applica-

tion of his property to the plaintiffs' use, in payment of the debt due them. Surely it cannot be said to be a case in which the husband has no interest.

It was also urged, in favor of the wife's examination, that as on filing a bill of discovery under the old system, in equity, the answer of the wife could have been read in evidence, it was proper she should be examined now, in the place of such discovery. The plaintiffs have the wife's answer now, in the case. Such answer, I suppose, might have been read on the trial. That answer contains a full denial of the plaintiffs' charges, and it is not probable that she would have filed any other answer if the suit had been under the old system. The wife was no more competent as a witness, in equity, under the old system than she is now.

As I have before remarked, the wife could not have been competent if the action were solely against the husband. Making her a party to the record does not remove the incompetency. In *Symonds* v. *Peck*, (10 *How. Pr. Rep.* 395,) it is said, "the principle is undoubtedly sound, that a person incompetent to testify for a party, cannot be rendered competent by being made a party."

If the code has not changed the rule as to the examination of husband and wife, for or against each other, the numerous decisions before the code, which are referred to in the cases before cited, decide this question. Such is stated very strongly by Judge Duer, in *Hasbrouck* v. *Vandervoort*, (4 *Sandf.* 597,) and he adds : "The law is, that husbands and wives are not competent witnesses for or against each other, in any suit in which either is a party, or in the event of which either has a direct and certain interest." In *McGuire* v. *Worden*, (3 *E. D. Smith*, 355,) this question was examined in relation to the right of the wife, when sued with her husband, to offer herself for examination, after the plaintiff or his assignor had been examined in his own behalf. Although the court there expressed a doubt whether the code had not in such a case altered the law, so as to admit both husband

and wife as witnesses, with the assent of the other; still the court unanimously sanctioned the principle that in no case could either be offered as a witness against the other.

The case of *Hasbrouck* v. *Vandervoort,* in the court of appeals, (5 *Selden,* 153,) confirms, fully, the rule that the code has not altered the law as it existed previously. The chief justice says, "the policy of the law, in order to ensure conjugal confidence, has laid down a definite rule, that in no case shall husband and wife be allowed to give evidence for or against each other." And he further adds: "the sections of the code referred to have not touched the effect of the relation of husband and wife upon the competency of witnesses." The admissions of the wife to the same effect, were offered in evidence. The objection which has been considered, to her testimony under oath, would apply with much greater force to admissions made by her, not under oath. The point is expressly decided in *Lay Grae* v *Peterson,* (2 *Sandf.* 338,) in which we concur.

Judgment affirmed.

[NEW YORK SPECIAL TERM, March 1, 1858. *Ingraham,* Justice.]