## MACONDRAY *a.* WARDLE.

*Supreme Court, First District; General Term, June,* 1858.

### WITNESS.—HUSBAND AND WIFE.

The wife cannot be a witness in an action in which her husband is a party, whether she be a party or not.[*]

In a creditor's action against husband and wife to reach real property standing in the name of the wife, but which it was alleged belonged to the husband, who was the judgment debtor,—

*Held,* that the testimony of the wife, and evidence of her admissions relative to the conveyance, were inadmissible on behalf of the plaintiff.

Appeal from a judgment.

BY THE COURT.—INGRAHAM, J.—The plaintiffs seek to compel the application of certain real property standing in the name of Belinda Wardle, to the payment of a judgment, re-

---

[*] ANDREWS *a.* NELSON, decided at the same term of the same court, was an appeal from an order denying a motion made to vacate an order requiring the wife of a judgment debtor to appear and be examined concerning property of her husband, in her control. The order requiring the appearance of Mrs. Nelson was founded on an affidavit of the return of execution unsatisfied, and upon the examination of the judgment debtor himself, by which it appeared that she had property of his in her possession. Upon the return of the order for her examination she appeared by counsel, and upon an affidavit that all money in her control was her separate property, and that she had no property of her husband's under her control, except such as is by law exempt from execution, moved that the order be vacated. The motion was denied, and she appealed.

*H. Brewster,* for the appellant. ·

*T. G. Smith,* for the respondent. The only restriction upon the wife's being examined in matters in which her husband is concerned, is where she is a *witness*

covered against her husband, Thomas Wardle, upon the ground that it in reality belonged to the husband, and was bought in the name of the wife to defraud the creditors of the husband.

Upon the trial of the cause, the plaintiffs called on their behalf Belinda Wardle as a witness, who was objected to and excluded by the court.

The plaintiffs then offered to call her against herself only. This also was objected to, and the witness was excluded.

The same offer was made after the examination of Thomas Wardle had been read, and the testimony again excluded. To all these rulings the plaintiffs' counsel excepted.

It is contended that under the present system the wife may be examined as a witness, where she is a party to a suit.

I did not understand the counsel upon the argument as urging the right to examine the wife against the husband, where the action was against him alone.

On the contrary, he concedes in his points that in such a case the wife could not be examined. Since the adoption of the Code, the decisions have been numerous, that in such cases the wife cannot be a witness for or against her husband. (Pillow and Wife a. Bushnell, 2 *Code R.*, 19; Erwin a. Smeller, 2 *Sandf.*, 340; Hasbrouck a. Vandervoort, 4 *Ib.*, 596; Arborgrast a. Arborgrast, 8 *How. Pr. R.*, 297.)

The plaintiffs urge that the proposed examination of the wife was only against herself, and that she was so offered.

I am at a loss to see how that result could follow from her examination. The object of the action was to prove a fraud between herself and her husband. There could be no judgment against her unless against the husband also, and there is no propriety in saying that the examination would not affect the husband as much as it would the wife.

If the plaintiffs' position is true, that the house and lot belong

---

for or against her husband. Here she is not called as a witness, nor is she to be examined, or to testify for or against her husband, but simply to be examined *concerning property* alleged to be in her possession, and under her separate control, belonging to her husband.

By THE COURT.—DAVIES, J.—The rule laid down in Macondray a. Wardle (*supra*) governs this case. The wife cannot be a witness in a suit where her husband is a party.

The order appealed from should be reversed, without costs.

to the husband, though in the name of the wife, then the object of the examination is to prove that the conveyance to her was for his benefit, and the result would be the application of his property to the plaintiffs' use, in payment of the debt due them. Surely, it cannot be said to be a case in which the husband has no interest.

It was also urged in favor of the wife's examination, that as on filing a bill of discovery under the old system in equity, the answer of the wife could have been read in evidence, it was proper she should be examined now, in the place of such discovery. The plaintiffs have the wife's answer now in the case. Such answer I suppose might have been read on the trial. That answer contains a full denial of the plaintiffs' charges, and it is not probable that she would have filed any other answer if the suit had been under the old system. The wife was no more competent as a witness in equity under the old system than she is now.

As I have before remarked, the wife could not have been competent if the action were solely against the husband. Making her a party to the record, does not remove the incompetency.

In Symonds *a.* Peck (10 *How. Pr. R.*, 395), it is said, "The principle is undoubtedly sound, that a person incompetent to testify for a party, cannot be rendered competent by being made a party."

If the Code has not changed the rule as to the examination of husband and wife, for or against each other, the numerous decisions before the Code, which are referred to in the cases before cited, decide this question.

Such is stated very strongly by Judge Duer in Hasbrouck *a.* Vandervoort (4 *Sandf.*, 597); and he adds, "The law is, that husbands and wives are not competent witnesses for or against each other in any suit in which either is a party, or in the event of which either has a direct and certain interest."

In McGwin *a.* Worden (3 *E. D. Smith*, 355), this question was examined in relation to the right of the wife, when sued with her husband, to offer herself for examination after the plaintiff or his assignor had been examined on his own behalf. Although in that case, the court expressed a doubt whether the Code had not in such a case altered the law, so as to admit both husband and wife as witnesses with the assent of the other, still

the court unanimously sanctioned the principle, that in no case could either be offered as a witness against the other.

The case of Hasbrouck *a.* Vandervoort in the Court of Appeals (5 *Seld.*, 153), confirms fully the rule that the Code has not altered the law as it existed previously. The Chief-justice says: " The policy of the law, in order to insure conjugal confidence, has laid down a definite rule, that in no case shall husband and wife be allowed to give evidence for or against each other ;" and he further adds: " The sections of the Code referred to have not touched the effect of the relation of husband and wife, upon the competency of witnesses."

The admissions of the wife to the same effect were offered in evidence. The objection which has been considered to her testimony under oath, would apply with much greater force to admissions made by her, not under oath. The point is expressly decided in Lay Grae *a.* Peterson (2 *Sandf.*, 338), in which we concur.

Judgment affirmed.