Walton *v.* Walton.

---

JOHN WALTON *vs.* ELLEN M. WALTON.

Where a husband, by his complaint, demands judgment against his wife for a separation from bed and board for ever, without asking for any other relief, or for relief generally, if it appears from the facts stated in the complaint that the plaintiff is not entitled to a judgment for separation from bed and board, he cannot, upon a demurrer to the complaint for insufficiency, have a decree declaring the marriage contract void; notwithstanding the complaint contains allegations which, if proved, would have authorized such a decree upon a proper prayer.

DEMURRER to complaint.

*D. D. Field,* for the plaintiffs.

*Brown, Hall & Vanderpoel,* for the defendants.

SUTHERLAND, J.   The plaintiff by the complaint, demands judgment for separation from bed and board for ever.   There is in the complaint no demand for relief generally, or for any other relief than judgment of separation from bed and board.

It is almost too plain for discussion, that the plaintiff, on the facts stated in the complaint, is not entitled to the judgment of separation from bed and board.   He asks for such judgment on the ground that the conduct of the defendant, since his marriage with her, has been such as to render it unsafe and improper for him longer to cohabit with her.   I said, in the case of *Auld* v. *Auld,* decided by me at special term, in September, 1859, that to authorize a decree of separation for cruel and inhuman treatment, "the proofs should show either actual bodily violence, or such conduct, acts, or threats, on the part of the husband, as might render it unsafe for the wife to continue to cohabit with him ; and that the word *unsafe,* as used in the statute, (3 *R. S. 5th ed.* 237, 238, § 64,) has reference to bodily, personal injury or violence and physical health, as distinguished from mere mental suffering or wounded sensibilities ;" citing as authorities for the proposition, *Bishop on Mar. and Div.* §§ 454, 459 ; *Whispell* v. *Whispell,* (4 *Barb.* 217;) *Mason* v. *Mason,* (1 *Edw. Ch.* 278.)

The proofs to establish the bodily violence or apprehended danger, should at least be as strong, when the husband is the complainant, as when the wife is the complainant. Section 65 of the statute (3 *R. S.* 238) says, that the complaint in such case shall specify particularly " the nature and circumstances of the complaint" relied on, and "shall set forth times and places with reasonable certainty." The only allegations in the complaint in this case, at all

pertinent to the relief, and the only relief asked for, to wit, a judgment of separation, are the 11th and 16th. The first, is a mere general allegation of improper conduct on the part of the defendant; in the use of coarse and ap= probrious epithets towards the plaintiff (without specifying them;) in accusing him of crime and of improper intimacy with other women, and in giving away to fits of violent rage, and with coarse and violent language ordering the plaintiff's friends to leave the house. The 16th allegation is a mere general allegation that the plaintiff is constantly in danger from the defendant and her son Charles; and that "they are striving to deprive him of his property, and to do him some bodily harm," without alleging any facts or circumstances to show that the plaintiff had reasonable grounds to apprehend bodily harm from the defendant, or the defendant and her son, cr that it would be unsafe and improper for him longer to co= habit with her.

The statute requires these facts and circumstances to be stated in the complaint, with reasonable certainty as to times and places. It is therefore no answer to the demurrer to say that the code has provided a mode for making the complaint more definite and certain. It is matter of special statutory regulation, and therefore I do not think that the general pro= vision of the code affects the question. (*See remarks of Judge Parker in Whispell* v. *Whispell,* 4 *Barb.* 218.)

It is plain then, I think, that the complaint does not con= tain facts sufficient, if proved, to authorize the judgment of separation asked for.

But it is insisted, on the part of the plaintiff, that conced= ing the complaint does not contain facts sufficient to author= ize the judgment of separation asked for, yet that it does state facts to authorize a decree for the nullity of the mar= riage contract, and that the plaintiff is entitled to such de= cree *in this action.*

The complaint alleges that at the time of the plaintiff's marriage to the defendant, she represented to him that she

was a widow; that she had been married twice; that her husbands were both dead. The complaint then alleges that the plaintiff, after his marriage to the defendant, was informed and believes that such representations were untrue, and made to deceive and inveigle the plaintiff into a marriage with her; that she was married three times before the plaintiff's marriage with her; first to one Jeffards, second to one Hamilton Morrison, lastly to one Russell; and that at the time of the plaintiff's marriage with her, her second husband, Hamilton Morrison was and is still living, in the state of Ohio.

Assuming that these allegations, if proved, would have authorized a decree declaring the marriage contract with the plaintiff void, had the complaint asked for such a decree, or even for general or other relief, either upon the ground of fraud, or upon the ground that she had a husband living at the time of her marriage to the plaintiff, yet as the complaint asks for a judgment of separation only, without a prayer even for other relief generally; the question is, whether the fact that the complaint contains these last allegations, is an answer to the defendant's demurrer, that the complaint does not contain facts sufficient to constitute a cause of action. I think not. The plaintiff has not answered the demurrer.

The § 275 of the code is: "The relief granted to the plaintiff, *if there be no answer*, cannot exceed that which he shall have demanded in his complaint; but, *in any other case*, the court may grant him any relief consistent with the case made by the complaint and embraced within the issue."

Suppose I should give judgment for the plaintiff on this demurrer, with leave for the defendant to answer in 20 days, and the defendant should not avail herself of the permission to answer, and should never put in an answer; this section of the code would appear to prohibit the plaintiff from having a decree of nullity on this complaint, because the relief asked for by it is limited to a judgment of separation; and I have shown that he would not be entitled to a judgment

The People *v.* Haws.

of separation, because the facts stated in the complaint are not sufficient to authorize such judgment.

It would appear to follow, that the defendant must have judgment on her demurrer; but the plaintiff may amend his complaint in twenty days on payment of costs.

[NEW YORK SPECIAL TERM, June 4, 1860. *Sutherland,* Justice.]