Linden *v.* Linden.

(a) 35 *Barb.* 653.

---

## MARIA LINDEN *vs.* JAMES LINDEN.

n an action by a wife, against her husband, for a divorce, on the ground of cruelty, the defendant denied the allegations of the complaint, and also alleged, as a separate defense, that the plaintiff had a husband, by a former marriage, living at the time of the marriage of the parties, and that the former marriage was then in force. He claimed that the marriage between him and the plaintiff was void, and demanded a divorce in his favor, on that ground. The referee reported that the former husband of the plaintiff was living at the time of the marriage of the parties, and refused to grant any divorce to either party, and directed a judgment against the plaintiff, without costs. *Held* that the report was insufficient as the foundation for a

---
Linden *v.* Linden.
---

judgment in favor of the defendant annulling the marriage between the parties, even upon the default of the plaintiff at the hearing.

Parties asking the intervention of the court for such relief must prove a full and complete case. Nothing is to be taken in favor of the applicant by presumption or intendment, as to the facts, even in the case of a default in answering, or at the hearing. *Per* LEONARD, J.

APPEAL from so much of a judgment entered upon the report of a referee as denied a judgment for a divorce, in favor of the defendant, and from an order made at a special term denying the defendant's motion for leave to enter judgment, upon the report, annulling the marriage between the parties.

*N. Brewster,* for the appellant.

*By the Court,* LEONARD, J.   The plaintiff commenced her action for a limited divorce, on the ground of cruelty.   The defendant denied the allegations of the complaint, and also alleged, as a separate defense, that the plaintiff had a husband, by a former marriage, living at the time of the marriage of these parties, and that the former marriage was *then* in force. The defendant also claimed that the marriage of the plaintiff and defendant was void, and demanded a divorce in his favor on that ground.   The action was referred to a sole referee to hear and decide.   He reported that there was no cruelty practiced by the defendant; also, " that the former husband of the plaintiff was living at the time of the marriage of the plaintiff and defendant;" and refused to grant any divorce to either party, and directed judgment against the plaintiff without costs.   Prior to entering such judgment, the defendant moved, at special term, on this report, for leave to enter judgment annulling the marriage between the plaintiff and defendant, which was denied.

The defendant has appealed from so much of the judgment entered on the report of the referee as denies a judgment for divorce in his favor ; and also from the order denying his said motion.

Linden *v.* Linden.

There was no appearance for the plaintiff at the hearing of this appeal, and the defendant now asks for the reversal of the said judgment and order to the extent appealed from, and that a decree annulling the marriage contract, on the ground of the former marriage, shall now be entered on the default of the plaintiff.

It is a sufficient answer to the claim for such relief to refer to the omission of the referee to report the evidence, or the fact that there ever was a valid marriage between the plaintiff and a former husband, or that such former marriage was in force at the time of the marriage between the plaintiff and the defendant.

There may have been a divorce from such former marriage; or there may never have existed a valid former marriage; or the subsequent marriage may have been contracted in good faith by the plaintiff while she had reason to believe the former husband dead, or after his absence for more than five years without having been heard of by her. In the latter case, the last marriage could now be annulled from the time only when its " nullity should be pronounced by a court of competent jurisdiction." (3 *R. S. 5th ed.* 227, § 5.)

The report is wholly insufficient as the foundation for the relief demanded. Divorces are not to be encouraged. Parties asking the intervention of the court for such relief must prove a full and complete case. Nothing is to be taken in favor of the applicant by presumption or intendment, as to the facts, even in the case of a default in answering, or at the hearing.

I have purposely omitted to refer to the right of the defendant to the relief demanded as a counter-claim, because I am not prepared to admit the principle insisted on in that respect, and, from the view which has been taken above, the question is not necessarily involved.

Judgment and order appealed from affirmed.

[NEW YORK GENERAL TERM, November 4, 1861. *Sutherland, Welles* and *Leonard,* Justices.]