The Chancellor.
Bill for divorce on the ground of adultery. The adultery is charged, in the complainant’s bill, to have been committed at various times, from the year 1850 to 1859. The adultery proved was committed on the seventeenth of September, 1858. The bill states that the parties lived together as man and wife until about the nineteenth of August, 1859, nine years after the commission of the adultery, as charged in the bill, nearly one year after the adultery, as established by the evidence.
If the wife, having knowledge of the adultery, or reason to believe it, continued voluntarily to live with her husband, except for imperative reasons, it constitutes a condonation of the offence, and she is not entitled to a divorce.
The complainant, in her bill says, that “ since the departure of her husband to California, she has been credibly informed that he has committed adultery.” In her evidence she says, “ I have filed tlie petition in this cause for reasons of information, received since he left, of his improper conduct during married life.”
The language, both of the bill and of the evidence, is cautious and guarded. It all may be true, and yet the complainant may, for years before she ceased to cohabit with her husband, have had certain knowledge of his infidelity. There is no express and unequivocal denial of her previous knowledge of his guilt. That is left to inference.
The master’s report is silent upon the subject. This may have been the result of inadvertence. Under the circumstances a divorce cannot be decreed.
Where it appears that the wife has continued to live with the husband after the offence charged is proved to have been committed, there should bb facts or circumstances to show that the offence has not been condoned, or a clear, express, *376 'and unequivocal denial by tbe complainant of knowledge of her husband’s infidelity during the continuance of their cohabitation, and a report by the master adverse to the condo-nation. Dodge v. Dodge, 7 Paige 589; Dobbs v. Dobbs, 3 Edwards 469; Kane v. Kane, 3 Ibid. 389.
It is true that there is no rule of this court similar to •that of the Court of Chancery of New York, which requires •that the bill shall aver that the complainant has not cohabited with the defendant since the discovery of the adultery. But where it appears upon the face of the bill that cohabitation between the parties continued long after the adultery ■is proved to have been committed, there should be an express denial, on the part of the complainant, of voluntary cokabit'ation since the discovery of the defendant’s infidelity, or such facts and circumstances should be shown as to preclude a condonation of the offence.
The complainant will be permitted, under the circumstances, to make further proofs.