## IRA E. CARPENTER *vs.* JOSEPH R. WHITE.

In an action by a husband, to recover damages for alleged criminal conversation between the defendant and the plaintiff's wife, where no divorce has been obtained, the wife is incompetent to testify as a witness, to any fact in the case.

Hence, she is not a competent witness for the plaintiff, to prove the criminal intercourse of the defendant with her, alleged in the complaint.

The Code of Procedure does not apply to such a case, for the reason that the wife is not a party to the action.

There is no case that holds that the husband may call his wife as a witness to prove any *secret* fact, not known to any other person, in an action brought by him for his own benefit, to which she is not a party. *Per* BALCOM, J.

THIS action was brought to recover damages for alleged criminal conversation between the defendant and the plaintiff's wife, in 1864. It was tried at the Otsego circuit in June, 1865. The plaintiff first offered as a witness, generally in the cause, his wife, Adeline Carpenter, to whom the defendant objected. The judge sustained the objection, and the plaintiff's counsel excepted. The plaintiff next offered his wife, Adeline Carpenter, as a witness to prove the criminal intercourse with her by the defendant as alleged in the plaintiffs's complaint. To which the defendant objected. The judge sustained the objection; to which ruling the plaintiff excepted. The plaintiff having failed to prove that the defendant had had criminal intercourse with his wife, the judge nonsuited him. Judgment was suspended, and the judge directed that the plaintiff's exceptions be heard in the first instance at the general term of this court. The plaintiff now moves for a new trial, on his exceptions to the rulings of the judge excluding his wife from being a witness for him in the cause.

*E. Countryman,* for the plaintiff, cited 2 *Starkie on Evidence,* 5th *Am. ed. pp.* 403–4, *and cases there cited;* 1 *Greenl. Ev.* §§ 343, 344; 1 *Hill,* 63; 8 *East,* 193; 15 *Barb.* 292; *Cowen and Hill's Notes,* 153, 1555, *and cases there cited; Phil. Ev.* 87; 2 *Hill,* 186; 9 *Barb.* 580.

*N. C. Moak*, for the defendant, cited 38 *Barb.* 419 ; 30 *id.* 506, 516 ; 30 *How. Pr. R.* 59 ; 17 *Abb.* 21 ; 1 *Cowen and Hill's Notes*, 147, *note* 142 ; 1 *Greenl. Ev.* § 334 ; 5 *Abb. Dig.* 408 ; 9 *N. Y. Rep.* 153 ; 9 *Barb.* 480 ; 23 *N. Y. Rep.* 88 ; 1 *Greenl. Ev.* § 336 ; 3 *Carr. & Payne*, 558.

*By the Court*, BALCOM, J. If the plaintiff had obtained a divorce from his wife for adultery with the defendant, or for adultery with any other man, she would have been a competent witness for him to prove the criminal intercourse of the defendant with her alleged in the complaint. (*Ratcliff* v. *Wales*, 1 *Hill*, 63. *Chamberlain* v. *The People*, 23 *N. Y. Rep.* 85.) But he had not procured a divorce from her, and she was not a party to the action, and was therefore incompetent to testify as a witness to any fact in the case. She was properly rejected as a witness for the plaintiff, in accordance with the well settled rule of the common law that prevents husband and wife from being witnesses for each other. (*See Hasbrouck* v. *Vandervoort*, 5 *Seld.* 153.)

The Code of Procedure does not apply to the case, for the reason that the wife is not a party to it ; and it is unnecessary to determine when husband and wife may be witnesses for or against each other in actions under the Code, to which both are parties.

The plaintiff's counsel has argued that the wife of the plaintiff was a competent witness for him to prove the alleged criminal intercourse of the defendant with her, because it was a *secret fact* which no one but she and the defendant knew. He has cited 1 *Greenleaf on Evidence*, § 344, to support his argument. But the answer to it is, that evidence by the wife of the plaintiff that the defendant had the alleged criminal intercourse with her was not necessary for her protection. The action was brought for the exclusive benefit of the husband, and it is unlike the case mentioned by Greenleaf, in the section cited, in which the community had an

Carpenter *v.* White.

interest as well as the husband. That was a case or proceeding in which it was claimed that the wife was the mother of a bastard child, and that the father of the child should be compelled to support it; and she was held to be a competent witness to prove her criminal connection with the alleged father of the child, though her husband was interested in the event.

There is no case that holds the husband may call his wife as a witness to prove any *secret fact*, not known to any other person, in an action brought by him for his own benefit to which she is not a party. What the rule is under the Code in an action between husband and wife, or where they are both parties on one side, need not be mentioned. And it is unnecessary to say when husband and wife may be witnesses against each other from particular necessity. But see 1 *Greenleaf on Evidence*, § 343, as to the rule on this question. They can not be witnesses *for* each other, from particular necessity, according to any rule of the common law, nor under the Code, when only one is a party to the action.

My conclusion is that the rulings of the judge, rejecting the wife of the plaintiff as a witness for him for any purpose, were correct, and that the plaintiff's motion for a new trial should be denied, with costs.

So decided.

[BROOME GENERAL TERM, July 10, 1866. *Parker, Mason, Balcom* and *Boardman*, Justices.]