RUSSELL F. HICKS, RESPONDENT, v. AMARIAH H. BRAD-NER, APPELLANT.

*Evidence—Testimony of Wife against the Husband.*

In an action by the husband for criminal conversation with his wife, it is error to permit the wife to be used as a witness for or against the husband, on the trial of the issue joined between the parties.

THIS action was brought to recover damages of the Defendant for criminal conversation with the Plaintiff's wife, and tried at the Steuben Circuit in October, 1860, when a verdict was rendered in favor of the Defendant. Exceptions were taken upon the trial to the rulings of the Judge admitting evidence objected to, and judgment having been entered upon the verdict, the Plaintiff appealed to the General Term of the Supreme Court. A new trial was ordered, and the Defendant appealed to the Court of Appeals. No counsel appeared for the Appellant upon the argument, and no points were submitted by him.

*Spencer* for Respondent.

MILLER, J.—It is evident that the Judge erred upon the trial in allowing the wife of the Plaintiff to be sworn as a witness, and to testify against her husband. At common law the husband and wife could not be witnesses for or against each other, and this rule of the common law is not changed by the provisions of the Code, which abrogate the disqualification of witnesses by reason of their being parties. These provisions, as they existed when this action was tried, have no application to a case like the one at bar, as has been held in numerous adjudications of the Courts (Hasbrouck v. Vandervoort, 5 Seld. 153; Smith v. Smith, 15 How. 165; Marsh v. Potter, 30 Barb. 506; Macondray v. Wardle, 26 Barb. 612; White v. Stafford, 38 id. 419; Carpenter v. White, 46 id. 291; Rivenburgh v. Rivenburgh, 47 id. 419).

As this error of the Judge was sufficient to authorize the Gen-

eral Term to grant a new trial, it is not necessary to examine the other questions raised, and the judgment of the General Term must be affirmed.

All concur.

Affirmed.