# SUPREME COURT.

JONATHAN BLOTT, Jr., agt. HARRIET A. RIDER, otherwise called HARRIET A. BLOTT.

*Dissolution of marriage contract — judgment — irregularity.*

A judgment declaring void the *marriage contract* between the parties, entered *ex parte* by the plaintiff on a referee's report, *without application to the court, is irregular.*

The Code has not attempted either to enlarge or diminish the jurisdiction of this court in divorce as to cases in which it may proceed, or as to the evidence upon which a divorce may be decreed. On the contrary, the former jurisdiction is continued as it was vested when the Code was enacted.

*Niagara Special Term, Lockport, July 21, 1873.*

MOTION by defendant to set aside the judgment declaring void the marriage contract between the parties, entered *ex parte* by the plaintiff on the referee's report, without application to the court, on the ground of irregularity.

*D. Millar*, for motion.

*John H. White*, opposed.

LAMONT, *J.*—No judgment for a divorce, whether after the trial of an issue, or otherwise, can be entered except upon the special direction of the court (*Rule* 92). A judgment declaring void the marriage contract by a sentence of nullity operates by judicial act to separate married persons, and is a divorce, as much so, as a judgment dissolving it. The rule

embraces all divorce causes, and is coextensive with the statutes upon the subject. The suggestion that this rule is null and void, as being contrary to the provisions of the Code, cannot be adopted. Actions for divorce, for special reasons and by force of certain statutes relating to such suits alone, must continue to be, as they always have been, treated as exceptional, in so far as such particular statutory provisions have made them so. Judgment by default, on demurrer, by a written offer and acceptance, when the material allegations of the complaint are not controverted by the answer, or where a sham, false or frivolous answer is stricken out, may be entered in the manner specified in the Code, in ordinary actions between party and party, without proof of the whole case; but this practice has never been allowed in actions for divorce. The reason is obvious. The court has no authority in matters of divorce, beyond what is written in the statute. The cases in which, and the proofs upon which, divorces may be decreed are therein expressed (*Peugnet* agt. *Phelps*, 48 *Barb.*, 566; *Palmer* agt. *Palmer*, 1 *Paige*, 376). The jurisdiction thus granted is forbidden to be exercised on mere consent of parties, and the court is enjoined from granting a divorce without satisfactory evidence of the facts (2 *R. S.*, 144, § 36, 145, §§ 40, 41). The court is bound as well by the provisions relating to the character of the proof, as by the limitation to the enumerated cases over which jurisdiction is given. The court has no general jurisdiction over the subject matter, such as it exercises over ordinary subjects of litigation. Independently of the statute it has no jurisdiction whatever. The jurisdiction is taken subject to and limited by all the restrictions found in the statute.

The policy of the statute is founded in the broad distinction between divorce causes and all other subjects of mere private litigation. Society is interested in contracts of marriage, both before and after they are consummated (*Thorne* agt. *Knapp*, 42 *N. Y. R.*, 477). It is an inseparable incident, in our civilization, to the *status* of marriage, that it cannot

be dissolved at the will of the parties. It is not a contract, in the full common-law sense of the term, but a civil institution established for great public objects (*White* agt. *White*, 5 *Barb.*, 479, 480). A late writer says, not only the parties, but the public have an interest in marriage, and its dissolution, and growing out of this twofold relation we have the doctrine running through all the matrimonial suits, and bringing into subserviency all other laws on the subject, that the proceeding—though upon its face a controversy between the parties of record only—is, in fact, a triangular suit, *sui generis*, the government or public occupying the position of a third party without counsel, it being the duty of the court to protect its interests. From these principles it follows that no decree of nullity, or of divorce from bed and board, or from the bonds of matrimony, can be entered by the court upon the mere consent of the parties of record; because they cannot bind the public. There must be a complaint in due form for a cause authorized by law, sustained by due proof. A default does not, as in other suits, supersede the necessity of proof, or lighten the burden of the plaintiff in establishing the allegations (2 *Bishop on Marriage and Divorce*, §§ 230, 235, [*2d ed.*] ). It would be aiming a deadly blow at public morals to decree a dissolution of the marriage contract because the parties requested it (*Palmer* agt. *Palmer*, 1 *Paige*, 277 ; *Montgomery* agt. *Montgomery*, 3 *Barb Ch. R.*, 134; *Price* agt. *Price*, 9 *Abb.* [*N. S.*], 291).

Satisfactory proof is required in all cases, not in favor of the party who makes default, or confesses the action, but to satisfy the conscience of the court that there is no collusion between the parties, and that there is legal cause for divorce (*Perry* agt. *Perry*, 2 *Barb. Ch. R.*, 288 ; *Dodge* agt. *Dodge*, 7 *Paige*, 590; *Pugsley* agt. *Pugsley*, 9 *Paige*, 590 ; *Myers* agt. *Myers*, 41 *Barb*, 114; 2 *Bishop, supra*, § 236). The Code has not attempted either to enlarge or diminish the jurisdiction of this court in divorce, as to cases in which it may proceed, or as to the evidence upon which a divorce may be

Blott agt. Rider.

decreed.   On the contrary, the former jurisdiction is continued, as it was vested when the Code was enacted (§ 10). Where the statute concerning divorces requires a certain particularity of statement in a pleading, that was held to be a material matter, and the omission to render the pleading demurable, although the Code practice would be, by motion, to compel it to be made definite and certain by amendment (*Walker* agt. *Walker*, 32 *Barb.*, 205). From the nature of the public interest in the marriage contract and its dissolution, justice would fail and society suffer, unless the statutes upon the subject should be rigidly enforced.

The court, then, is the official guardian of the public interests, with a duty pointed out by the statute.

The injunction that no divorce shall be granted without satisfactory proof, that is, proof satisfactory to the conscience of the court, imposes the duty of passing upon the evidence of the facts, and is inconsistent with the right of a party to enter judgment without an examination by the court, and without the direction of the court.   The court must see that this third party—the public—is not prejudiced by the collusion of the parties or the want of proof.   What has been so often repeated in the decisions of the court is apparent, that the ends of justice would be subverted by leaving the control of divorce suits to the parties of record, who may have designs inimical to the public good.   A public policy, plainly written · in the statutes referred to, takes this class of suits out of the ordinary course, so far as may be necessary to attain the ends of justice; and in such case I think the Code, in terms, admits the exception where it says, if a case shall arise in which an action for the enforcement or protection of a right, or the redress or prevention of a wrong, cannot be had under this act, the practice heretofore in use may be adopted so far as may be necessary to prevent a failure of justice (§ 468). The court must determine in what cases, and to what extent, it is necessary to depart from the ordinary Code practice.   The rule of the court forbidding the entry of a judgment in

divorce cases, except upon the special direction of the court, and the several other rules regulating the practice in divorce, are tantamount to a declaration by all the judges that the course so directed is necessary to prevent a failure of justice. Although an issue of fact in an action for divorce be tried by referees, their report is not sufficient authority for an entry of judgment of course and *ex parte*.

The report should be brought before the court, together with the evidence. In this way, only, can the court discharge its duty to see that the provisions of the statute are complied with, which prohibit the court even to give a judgment for divorce without satisfactory evidence of the existence of the facts. The cases of *Waterman* agt. *Waterman* (37 *How.*, 36, 37, 43, 44); *Linden* agt. *Linden* (36 *Barb.*, 61) are good examples.

The propriety of rule 92 is illustrated in the present case, where judgment has been entered, without the direction of the court, upon the referee's report, which does not find sufficient facts to authorize a judgment of nullity. It should have been found as a fact, to justify the judgment, that defendant's former marriage was in force when she married the plaintiff. This is jurisdictional (2 *R. S.*, 142, § 20, *subd.* 2; *Linden* agt. *Linden, supra*). I say nothing as to the evidence necessary to warrant such finding (*Valleau* agt. *Valleau*, 6 *Paige*, 208). But without such fact being found the case is not established.

Again, the judgment of nullity may, in certain cases, declare the marriage void, *ab initio*. In other cases the marriage is only voidable, and does not become void until sentence of nullity is passed upon it. When the judgment declares that the second marriage was void, that is, void at all times, there should be a finding of facts warranting that form of judgment (2 *R. S.*, 139, §§ 6, 23, 142; *Valleau* agt. *Valleau, supra; Grapsey* agt. *McKinney*, 30 *Barb.*, 47). These are not technical objections, but matters of substance,

Blott agt. Rider.

which the court, in this class of actions, is bound to notice, although counsel does not point them out.

From the fact that the court must finally determine the case, it follows that a defendant who has appeared in the action is entitled to notice of the application for judgment, and has a right to be heard upon the final disposition of the cause.

The motion to set aside the judgment for irregularity is granted, with ten dollars costs.

This order was affirmed at general term (fourth department) on the above opinion.