(9 Misc. Rep. 511.)

## DAILEY v. DAILEY.

(Supreme Court, Special Term, Erie County.   August 6, 1894.)

SEPARATION—AGREEMENT FOR JUDGMENT AND ALIMONY.

The determination of the amount of alimony in an action by a wife for separation is, by the provisions of Code Civ. Proc. §§ 1766, 1769, for the court; so, where the parties agree on a separation and the amount of alimony, and a judgment is entered accordingly without direction of the court, which is afterwards set aside as void, a motion that the amount agreed on and paid be regarded in full of alimony will not be granted, though it may be considered in the determination of the court.

Action by Angeline Dailey against Sidney Dailey for separation. Defendant moves that a certain amount of alimony received by the plaintiff upon a judgment of separation entered without application to the court, and subsequently paid, shall be regarded in full of alimony to be chargeable to the defendant, and for other relief. Denied.

N. H. Hill, for plaintiff.

H. C. Kingsbury, for defendant.

WARD, J.   The parties to this action are husband and wife. In December, 1888, the plaintiff commenced this action by the service of a summons and complaint upon the defendant, alleging the marriage of the parties; that they had three minor children; that they resided in the state of New York; and that, prior to the commencement of the action, the defendant had injured, abused, and outraged the plaintiff, setting forth facts entitling her, if proved, to a separation from bed and board from the defendant.   The defendant answered the said complaint, admitting the marriage, but denying substantially and putting in issue the allegations of the complaint, which answer was served in January, 1889.   H. C. & C. A. Kingsbury were the attorneys for the defendant, and Sessions & Woodward the plaintiff's attorneys.   On the 20th of February the defendant's attorneys served upon the plaintiff's attorneys, in behalf of the defendant, an offer to allow judgment to be taken against him in this action for the sum of $1,030, to be paid in the manner following:   $280 on the entry of the judgment in Chautauqua county clerk's office, and $250 annually thereafter, without interest, and, in case of the death of the plaintiff, the payment to cease, and contained this further provision:

"And such alimony shall be all to which the defendant shall in any event be liable, and the parties shall be separated from bed and board."

Mr. H. C. Kingsbury verifies this offer, and states that he was authorized by the defendant to make it in his behalf.   On the same day (February 20th) the plaintiff's attorneys served upon the defendant's attorneys a notice in writing, stating that the plaintiff accepted the offer, (reciting it), and provided, in case of the death of the plaintiff, the payment should cease.   The offer was verified by Mr. Sessions, one of the plaintiff's attorneys, and that he was authorized by the plaintiff to accept the offer of judgment.   Thereupon the plaintiff's attorney entered judgment in this action in

the clerk's office of Chautauqua county without application to the court, and without the direction of the court, and the judgment so entered recited the said offer and its acceptance, and proceeded as follows:

"It is adjudged that Angeline Dailey, the plaintiff, recover from and against Sidney Dailey, the defendant, the sum of ten hundred and thirty dollars, to be paid in manner following [reciting the payments as in the offer], and in case of the death of the plaintiff, Angeline Dailey, the said payments to cease; and the said plaintiff and defendant are forever separated from bed and board."

The judgment was entered, and the judgment roll filed, February 20, 1889. The papers further disclose that, pursuant to said arrangement, the parties separated and lived separate, and have lived separate and apart until this time; that the defendant paid the amount stipulated to be paid in the offer of judgment as therein provided, and in effect carried out this arrangement until about June, 1894, when the plaintiff employed Mr. Hill as her attorney, and a motion was made at the Erie special term on her behalf, on July 6, 1894, to set aside and vacate the judgment so entered, the moving papers alleging that she had up to a very recent date been ignorant of the existence of the judgment and of the papers upon which it was founded, and had in no manner authorized or consented to the same. Mr. Sessions, her attorney, however, made affidavit contradicting these statements, and setting forth that he had authority to make such offer and enter such judgment, and that it was with the knowledge and consent of the plaintiff. The court set aside the judgment as absolutely void, and the defendant now makes this motion.

I am satisfied from the papers that the offer was made and accepted, and the judgment entered, with the knowledge and approbation of the plaintiff, and that she received the amount of money stipulated therein to be paid to her, and that she has in fact been separated from the defendant under the said judgment, and but recently has conceived the idea of repudiating it; and strong equitable considerations seem to favor affirming the transaction and granting this motion, but it cannot legally be done. The judgment was not only irregular, but void. It was simply a judgment by consent. An action having been brought, and the issue joined, it was, so to speak, settled, and the parties agreed to a divorce from bed and board, and upon the amount of alimony to be paid, without the knowledge, consent, or supervision of the court. It is against the policy of our law and the best interests of society to permit the destruction or impairment of the marriage relation except upon due proof of sufficient cause, without collusion, upon due judicial investigation, and by judicial decree. This policy of the law is indicated by section 1229 of the Code of Civil Procedure, which provides that, even where there is a contest and trial before a referee, judgment cannot be taken as of course upon the referee's report, but the judgment must be rendered by the court, and the court must fix the amount of alimony for the support and maintenance of the wife and children, under section 1766 and 1769 of the Code; and

by Sup. Ct. Rules 77 and 37 no judgment granting a divorce or sep-
aration or limited divorce shall be made of course, by default or by
consent. In Daggett v. Daggett, 5 Paige, 509, it was held by the
chancellor, in an action of divorce, that, previous to a decree dis-
solving a marriage, the wife could not make any valid agreement
as to her allowance of alimony; and the same reasoning applies
to an action for a separation. And see, as bearing upon the propo-
sition herein made, Blott v. Rider, 47 How. Pr. 90; Sullivan v. Sul-
livan, 41 N. Y. Super. Ct. R. 519; Peugnet v. Phelps, 48 Barb. 566;
Burr v. Burr, 7 Hill, 207. The court has no inherent jurisdiction in
actions for divorce or separation, but their powers are purely statu-
tory. It follows from these views that the motion herein must be
denied, but without costs.

There has been an issue framed in this action which is untried
and undetermined; and although, as before said, the plaintiff has
had the benefit of the arrangement, and a considerable amount of
alimony, no other way seems open to the parties but to have their
issues tried out in the appointed way, and have the court pass upon
the question of separation and of alimony, as prescribed by the
laws and the practice of this court; and I have no doubt but that
upon the proper proceedings, should the court find that a separation
should be decreed and alimony allowed the plaintiff, it will consider
the amount already paid, and the transactions and history of the
case, in disposing of the rights of the parties.